UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DARREN ELLIOTT,

        Petitioner,

— against —

UNITED STATES OF AMERICA,

        Respondent.

17-cr-128 (ARR)
19-cv-5884 (ARR)

**Not for print or electronic publication**

**Opinion & Order**

ROSS, United States District Judge:

On December 2, 2019, I entered an order denying petitioner Darren Elliott's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. On January 2, 2020, Elliott filed a *pro se* motion for reconsideration of that order. For the reasons set forth below, Elliott's motion for reconsideration is denied, as it is an unauthorized successive habeas petition. For any further consideration of his claims, Elliott must make an application to the Second Circuit Court of Appeals.

## BACKGROUND

The facts underlying Elliott's criminal proceeding are set forth in detail in my December order denying habeas relief. *See* Dec. 2, 2019 Order 1–4, ECF No. 116 ("Dec. Order"). Briefly, in 2011 and 2012, Elliott participated in one robbery and two attempted robberies of jewelry stores in Franklin Square, New York. *Id.* at 1–2. The government charged him in an indictment with Hobbs Act robbery conspiracy, attempted Hobbs Act robbery, and possessing and brandishing a firearm during and in relation to a crime of violence. *Id.* at 2. In January 2018, Elliott pleaded guilty to a lesser included offense within this last count: using and carrying a firearm during and

in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(i). Dec. Order 2. The predicate crimes of violence were the Hobbs Act robbery conspiracy and the attempted Hobbs Act robbery. *Id.* Elliott entered the guilty plea pursuant to a plea agreement with the government. *Id.* As part of the plea agreement, the government agreed to dismiss the Hobbs Act counts, *id.*, and Elliott waived his right to file a direct appeal or challenge his conviction or sentence pursuant to 28 U.S.C. § 2255, except with respect to claims of ineffective assistance of counsel, if I imposed a term of imprisonment of sixty-five months or below, Dec. Order 3. I sentenced Elliott to sixty months' imprisonment and three years of supervised release. *Id.*

In October 2019, Elliott, through counsel, filed a § 2255 petition. He first argued that in light of *United States v. Davis*, 139 S. Ct. 2319 (2019), the Hobbs Act predicates underlying his § 924(c) conviction are not crimes of violence and cannot support his conviction. *See* Mot. Under 28 U.S.C. § 2255 at 5, ECF No. 112. He then argued that he received ineffective assistance of counsel in the process of pleading guilty. *Id.* at 6. On December 2, I denied his petition on both grounds. I first concluded that the waiver in Elliott's plea agreement precluded his *Davis* claim. Dec. Order 8. I then concluded that Elliott's ineffective assistance of counsel claim failed on the merits. *Id.* at 12.

On January 2, 2020, Elliott filed a *pro se* motion for reconsideration of my December 2 order. He first describes his dissatisfaction with the performance of the attorney who filed his § 2255 petition last October. He claims that this attorney never provided him with copies of the brief filed on his behalf, that the attorney did not raise issues that Elliott asked him to raise or submit a statement that Elliott wished to submit, and that the attorney did not respond to messages that Elliott sent him. *See* Mot. for Recons. ¶¶ 2–3, ECF No. 124. Elliott then claims "actual innocence." *Id.* ¶ 4. He invokes the term "actual innocence" not to argue that he did not engage in the conduct

underlying his conviction, but rather to argue that *Davis* rendered him "actually innocent" by holding it unconstitutional to predicate § 924(c)(1)(A) convictions on the crimes on which Elliott's conviction was predicated. *Id.* ¶¶ 7–8, 18. He then argues that, as the government noted in its brief filed in opposition to Elliott's § 2255 petition, actual innocence might render a collateral review waiver unenforceable. *See* Gov't's Mem. of Law in Opp'n to Def.'s § 2255 Mot. 13 n.3, ECF No. 115; Mot. for Recons. ¶ 18. He claims that if I were to vacate his § 924(c) conviction, "he would potentially face substantially less time than he was sentenced to under the § 924(c) mandatory minimum." Mot. for Recons. ¶ 19.

## DISCUSSION

As an initial matter, I must decide which Federal Rule of Civil Procedure authorizes Elliott's motion for reconsideration. Elliott writes that he brings his motion pursuant to Rule 59(e). *See* Mot. for Recons. ¶ 1; Fed. R. Civ. P. 59(e) (requiring motion to alter or amend judgment to be filed within twenty-eight days of judgment's entry). However, I may treat the motion as one brought pursuant to Rule 59(e) only if Elliott filed it in a timely manner. *See United States v. Clark*, 984 F.2d 31, 32 (2d Cir. 1993). In *Clark*, the Second Circuit ruled that motions to reconsider § 2255 rulings are Rule 59(e) motions "if filed within 10 days of entry of the challenged order[.]" *Id.* In 2009—after the *Clark* decision—Rule 59(e) changed to expand the time period for filing motions to alter or amend judgments from ten days to twenty-eight days. *See* Fed. R. Civ. P. 59(e) advisory committee's note to 2009 amendment. Accordingly, I read *Clark* as now requiring that I treat Elliott's motion as a Rule 59(e) motion if he filed it within twenty-eight days of entry of my order denying his § 2255 petition. Elliott has not met that deadline. I entered my order denying Elliott's § 2255 petition on December 2, 2019, and he filed the instant motion for reconsideration on January 2, 2020. *See* Dec. Order; Mot. for Recons. 1 (showing stamp with "FILED" date of

3

January 2, 2020). He thus filed his motion thirty-one days after the entry of my order.[1] Therefore, I treat his motion for reconsideration as a Rule 60(b) motion. *See Clark*, 984 F.2d at 32; Fed. R. Civ. P. 60(b) (listing grounds for relief from final judgment, order, or proceeding).

Under Rule 60(b), I "may relieve a party . . . from a final judgment, order, or proceeding" for any "reason that justifies relief." Fed. R. Civ. P. 60(b)(6). I should grant such relief "only in extraordinary circumstances." *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009) (citing *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 (1988)). In addition, statutory restrictions on second or successive habeas petitions, *see* 28 U.S.C. §§ 2244(b)(1)–(3), 2255(h), constrain my power to entertain Rule 60(b) motions for reconsideration, *see Gonzalez v. Crosby*, 545 U.S. 524, 529–36 (2005) (explaining how to analyze Rule 60(b) motion for reconsideration of § 2254 habeas ruling in light of statutory restrictions on hearing successive petitions); *Schwamborn v. United States*, 507 F. Supp. 2d 229, 239–40, 240 n.19 (E.D.N.Y. 2007) (applying *Gonzalez* to motion to reconsider § 2255 order). Specifically, a motion for reconsideration "that seeks to add a new ground for relief" or that "attacks the federal court's previous resolution of a claim *on the merits*" qualifies as a successive habeas petition. *Gonzalez*, 545 U.S. at 530–31. Accordingly, a district court can entertain it only if the Second Circuit certifies it, "as provided in section 2244[,]" as containing either "newly discovered evidence" or "a new rule of constitutional law, made

---

[1] Rule 6(a)(1) governs the computation of time for periods stated in days. *See* Fed. R. Civ. P. 6(a)(1). That rule states:
> When the period is stated in days or a longer unit of time: (A) exclude the day of the event that triggers the period; (B) count every day, including intermediate Saturdays, Sundays, and legal holidays; and (C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

Fed. R. Civ. P. 6(a)(1). January 2, 2020 was not a Saturday, Sunday, or legal holiday.

4

retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). A Rule 60(b) motion that "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceeding" does not qualify as a successive petition and does not require certification from the Court of Appeals. *Gonzalez*, 545 U.S. at 532.

Elliott's motion for reconsideration is a successive habeas petition because it challenges my prior resolution of his claim on the merits. Elliott's criticism of his habeas counsel's performance in bringing his § 2255 petition, in effect, does not attack the integrity of the § 2255 proceeding but rather asks that I reconsider the merits of that proceeding in Elliott's favor because his counsel made certain omissions. *See Gonzalez*, 545 U.S. at 532 n.5 ("We note that an attack based on the movant's own conduct, or his habeas counsel's omissions . . . ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably."). Elliott's *Davis* claim also goes to the merits of my prior decision. In that decision, I concluded that Elliott waived any potential *Davis* claim in his plea agreement and, as such, could not successfully raise a *Davis* claim in his § 2255 proceeding. Dec. Order 8. Now, Elliott argues that I should hold that the waiver does not bar his *Davis* claim—asking me to revisit the very same determination that I previously made. *See* Mot. for Recons. ¶ 18. That Elliott now frames his argument in terms of "actual innocence" does not change the analysis. Although Elliott invokes new terminology in his motion for reconsideration, he uses this terminology to raise the same argument as in his initial petition: that *Davis* renders it unconstitutional to predicate a § 924(c)(1)(A) conviction on purported crimes of violence defined solely by reference to the residual clause and that I should resentence him accordingly. *See id.* ¶¶ 7, 19.[2]

---

[2] Despite his use of the words "actual innocence," by arguing that *Davis* renders him "actually

5

Thus, I cannot entertain Elliott's motion for reconsideration because it is a successive petition. I may entertain a successive petition only if the Second Circuit first certifies that it contains "newly discovered evidence" or "a new rule of constitutional law." 28 U.S.C. § 2255(h). The Court of Appeals has not made such a certification here. Accordingly, I cannot reach the merits of Elliott's motion for reconsideration, and the motion is denied.

SO ORDERED.

Dated: January 10, 2020
      Brooklyn, New York

_____/s/_____
Allyne R. Ross
United States District Judge

---

innocent[,]" *see* Mot. for Recons. ¶ 7, Elliott is not, in effect, raising an actual innocence claim, *see Bousley v. United States*, 523 U.S. 614, 623 (1998) ("It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency."). "To establish actual innocence, [a ]petitioner must demonstrate that, 'in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 327–28 (1995)). Moreover, "[i]n cases where the Government has forgone more serious charges in the course of plea bargaining"—as here—"petitioner's showing of actual innocence must also extend to those charges." *Id.* at 624.

6