UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

        Plaintiff,

— against —

DARREN ELLIOTT,

        Defendant.

**17-cr-128 (ARR)**

**Not for print or electronic publication**

**Opinion & Order**

---

ROSS, United States District Judge:

The defendant, Darren Elliott, moves *pro se* for a correction to his Presentence Report ("PSR") pursuant to Federal Rule of Criminal Procedure 36. For the reasons set forth below, Elliott's motion is denied.

First, Rule 36 is not a proper vehicle for the correction that Elliott seeks. Rule 36 allows the court to correct clerical errors in the record. *See* Fed. R. Crim. P. 36. "Rule 36 covers only minor, uncontroversial errors . . . [and not] an error of law." *United States v. Llanos*, 59 F. App'x 412, 414 (2d Cir. 2003) (summary order) (alteration in original) (quoting *United States v. Werber*, 51 F.3d 342, 347–48 (2d Cir. 1995)). "Further, 'a clerical error must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature.'" *Id.* (quoting *United States v. Burd*, 86 F.3d 285, 288 (2d Cir. 1996)). Elliott seeks a correction to his criminal history category. Even if I assume that there is an error in Elliott's criminal history category—which I do not decide that there is—it would not be a mere mechanical error of

recitation. Rather, it would require some legal analysis to correct and would therefore be an error of law.

Second, Elliott's sixty-month sentence is the statutory mandatory minimum for his crime of conviction. *See* 18 U.S.C. § 924(c)(1)(A)(i). Thus, even if he did fall within a lower criminal history category, he could not have received a lower prison sentence. In fact, Elliott's PSR states that "[t]he guideline sentence is the term of imprisonment required by statute. Chapters Three (Adjustments) and Four (Criminal History and Criminal Livelihood) shall not apply to this count of conviction." PSR ¶ 26, ECF No. 87 (citing U.S. Sentencing Guidelines Manual § 2K2.4(b) (U.S. Sentencing Comm'n 2018)).

Third, in his plea agreement, Elliott waived the right to appeal or file a petition pursuant to 28 U.S.C. § 2255, as long as I imposed a prison sentence of sixty-five months or less. *See* Plea Agreement ¶ 5, ECF No. 115-1. I sentenced Elliott to sixty months' imprisonment. Therefore, Elliott has waived his right to challenge his sentence based on this purported error in his PSR.[1]

Finally, although I do not have a transcript from Elliott's sentencing proceeding before me, I note that Elliott's counsel did not object to the PSR in his sentencing memorandum. *See* Def.'s Sentencing Mem. 1, ECF No. 93 ("After reviewing the Pre-Sentence Report, counsel has no objections to the findings of the Pre-Sentence report."). In fact, Elliott's counsel acknowledged that "Mr. Elliot[t] is in Criminal History Category

---

[1] Despite the waiver in his plea agreement, Elliott has already filed a § 2255 petition, and I have already denied it. *See* Order Denying Mot. to Vacate, ECF No. 116. Section 2255(h) restricts Elliott's ability to file a second or successive motion. *See* § 2255(h).

III[.]" *Id.* at 3. Thus, assuming that Elliott's counsel did not change his position when speaking at the sentencing proceeding, any objection to Elliott's criminal history category is waived. *See Llanos*, 59 F. App'x at 413–14 (finding that defendant waived objection to PSR because counsel did not object at sentencing); *see also United States v. Diaz*, 176 F.3d 52, 117–18 (2d Cir. 1999) ("In his PSR objection letter, [defendant] did not challenge the PSR's determination that he was an organizer or leader . . . . Further, he failed to object to the enhancement at sentencing. Thus, [defendant] waived this claim.").

For the reasons set forth above, Elliott's motion for a correction to his PSR is denied. SO ORDERED.

Dated: May 15, 2020  _____/s/_____
      Brooklyn, New York      Allyne R. Ross
                                                   United States District Judge